CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 29 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| DARREL A. WHITE | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00527 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN WATSON, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Darrel A. White, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. White alleges that the defendants violated his constitutional rights in failing to put a floor mat at the exit of the shower. Upon review of the record, the court finds that White has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

White alleges that on June 11, 2008, when coming out of the shower, he slipped and fell on the wet floor. As a result of the fall, White claims that he hurt his back. He argues that there should have been a dry mat on the floor in front of the shower, but concedes that there never has been a mat there.

## II.

Generally, to state a claim under the Eighth Amendment for cruel and unusual living conditions, a plaintiff must allege sufficient facts to show that the challenged conditions objectively amount to a deprivation of a basic human need, and that, subjectively, prison officials acted with deliberate indifference toward an excessive risk to inmate health or safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). To satisfy the objective element of an Eighth Amendment claim of dangerous prison conditions, plaintiff must

produce evidence of a serious or significant physical or emotional injury resulting from the alleged conditions. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993). To meet the subjective element of such a claim, plaintiff must demonstrate that the defendant officials were aware of facts from which they could draw the inference that a significant risk of harm existed and that they, in fact, drew such an inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff must then show that the defendant officials disregarded such a risk by failing to take "reasonable measures" to alleviate the danger. Id. at 832.

In this case, White has not alleged any facts which show that the condition at issue here, the lack of a shower mat or water on the floor, amounted to or caused a deprivation of any basic human need. Moreover, White's complaint is devoid of any evidence to show that the defendants had any knowledge that there was water on the floor or that the floor might be slippery. Further, responses to White's grievances indicate that the inmate showers are routinely inspected and are in compliance with all safety requirements. Thus, White cannot demonstrate that the defendants acted with deliberate indifference toward any risk to his health or safety. Accordingly, the court finds that White's complaint must be dismissed.

### III.

For the stated reasons, White's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send copies of this memorandum opinion and accompanying Order to plaintiff and to counsel of record for the defendant, if known.

**ENTER:** This 29th day of September, 2008.

_____
United States District Judge

2